Michael **MELNITZKY,** Plaintiff–Appellant,

v.

Robert **ROSE,** Defendant–Appellee.

Docket No. 04–2701.

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

---

Michael Melnitzky, New York, NY, for Appellant, pro se.

Jonathan Kord Lagemann, Lagemann Law Offices, New York, NY, for Appellee.

Present: JACOBS, B.D. PARKER, Circuit Judges. and HURD* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **VACATED IN PART,** and that this case be **REMANDED** for proceedings consistent with this order.

Plaintiff–Appellant, Michael Melnitzky, appearing *pro se,* appeals from a January 2004 order of the United States District Court for the Southern District of New York (Marrero, *J.*), dismissing his complaint for failure to state a claim. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff." *Friedl v. City of N.Y.,* 210 F.3d 79, 83 (2d Cir.2000). And, "[w]hen considering motions to dismiss a *pro se* complaint such as this," we "construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138, 145–146 (2d Cir.2002) (citation and quotation marks omitted).

Melnitzky brought various claims against Rose, including breach of contract, fraud, defamation, civil conspiracy, and prima facie tort. The district court dismissed the entire complaint for failure to state a claim upon which relief could be granted. With respect to the breach of contract claim, the district court found that "Rose [was] at best an agent of the Kaufmans and/or the Estate," and noted that under New York law "an agent will not be held personally liable for the breach of contract by a disclosed principal absent some indication that the agent intended to be so bound." *Melnitzky v. Rose,* 299 F.Supp.2d 219, 225 (S.D.N.Y.2004). Melnitzky's sole argument on appeal is that Rose acted on his own behalf and was not merely an agent. We therefore consider only the breach of contract claim and deem the remaining claims abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

We conclude that Melnitzky pleaded sufficient facts to support his claim that Rose acted not as a representative of the estate, but on his own behalf as a volunteer, or intermeddler, or in some such other role. Accordingly, we vacate the district court's dismissal of the breach of contract claim,

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

remand to the district court for further proceedings as to that claim, and affirm the remainder of the district court's judgment.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED IN PART** and **VACATED IN PART**, and **REMANDED** for proceedings consistent with this order.